Appeal of HOWARD W. STARR. Docket No. 101.

Losses sustained by the taxpayer on sale of stock, determined.

Submitted December 6, 1924; decided February 28, 1925.

*Nicholas Danforth, Esq.*, for the taxpayer.

*A. H. Fast, Esq.* (Nelson T. Hartson, Solicitor of Internal Revenue) for the Commissioner.

Before IVINS, KORNER, and MARQUETTE.

This appeal is from a determination by the Commissioner of a deficiency in income tax for the calendar year 1918. A hearing was

held and the case submitted on the pleadings and the evidence, from which the Board makes the following

## FINDINGS OF FACT.

In the month of August, 1916, Theodore B. Starr, Inc., a corporation, organized in that month under the laws of the State of Delaware, purchased all the assets of Theodore B. Starr, Inc., a New York corporation. The net worth of the New York corporation at the time of the sale was $1,779,000, evidenced by capital stock of the par value of $1,648,200 and surplus in the amount of $130,800. The consideration paid by the Delaware corporation for the assets of the New York corporation was all of its, the purchaser's, capital stock, consisting of 2,790 shares of the par value of $100 each, and its bonds of the par value of $1,500,000, a total of $1,779,000. Shortly after this transaction Theodore B. Starr, Inc., of New York, was dissolved.

Upon the issuance by the Delaware corporation of these securities, taxpayer became the owner and holder of about 48 per cent of the stock and the same proportion of the bonds. In the month of August, 1917, the bonds were retired and stock in the amount of $1,500,000, divided into 15,000 shares of the par value of $100 each, was issued in place thereof, making the total outstanding stock of the corporation 17,790 shares of the par value of $100 each, of which taxpayer owned and held about 48 per cent.

On or about May 15, 1918, the corporation, which at that time was indebted to the taxpayer and L. M. Starr in the amount of $97,200, issued to them 972 shares of stock in consideration of the cancellation by them of the debt of the corporation. Upon the completion of this transaction, the capital stock of the corporation was $1,876,200, divided into 18,762 shares of the par value of $100 each, of which taxpayer was the owner of 48.56 per cent.

On or about July 1, 1918, the entire capital stock of the Delaware corporation, consisting of 18,762 shares of the par value of $100 each, of which taxpayer owned 48.56 per cent, was sold for a consideration of $1,774,385.18. Later in the year 1918 taxpayer and the other owners of the stock of the corporation sustained a trading loss of $9,783.12, growing out of the same transaction. The total loss on the sale of the stock, including the trading loss, was $111,597.94. Taxpayer's loss was 48.56 per cent of the total loss.

The Commissioner refused to allow taxpayer to deduct, in computing his net income for the year 1918, the full amount of the loss claimed to have been sustained by him, and determined that there is a deficiency in tax for that year in the amount of $5,796.73. Taxpayer was notified of the Commissioner's determination by registered letter mailed July 7, 1924. The petition was filed September 2, 1924.

## DECISION.

The determination of the Commissioner is disapproved.

## OPINION.

MARQUETTE: The only question to be determined here is the amount, if any, taxpayer should be allowed to deduct in computing his net income for the year 1918 on account of the loss claimed to have been sustained by him on the sale in that year of his shares of the capital stock of Theodore B. Starr, Inc., of Delaware. Taxpayer claimed that the total loss, including the trading loss referred to, on the sale of the stock to the owners and holders thereof, was $111,597.94; that he was the owner of 48.56 per cent of the stock, and that he is entitled to deduct, in determining his net income for the year 1918, 48.56 per cent of the total loss. The Commissioner determined that a loss was sustained and that taxpayer was entitled to deduct his proportionate share thereof. He, however, computed the total loss to be $14,397.94. The basis of the Commissioner's determination as set forth in the deficiency letter is as follows:

It is shown in the corporation return that in August 1916 there was a reorganization, which under the provisions of the Revenue Act of 1916, constituted a closed transaction. The basis for computation of loss is, therefore, the cost of the stock in 1916 plus the actual cost to the taxpayer of any additional shares acquired subsequent to that date. The cost of the stock in 1916 is represented by the fair value of the assets paid into the corporation upon reorganization in that year, or $1,779,000. The difference between 17,990 shares and the 18,762 shares stated to have been sold is not accounted for in the corporation's returns and is assumed to represent stock dividend distributions which would not affect the computation of the loss.

The loss has, accordingly, been recomputed as follows:

| | |
|---|---:|
| Cost of stock | $1,779,000.00 |
| Selling price | 1,774,385.18 |
| Stock loss | 4,614.82 |
| Trading loss | 9,783.12 |
| Total loss | 14,397.94 |

Allowance of your pro rata part of this loss discloses a net income of $51,598.59 and a further tax due of $5,796.73.

The evidence establishes that in May, 1918, Theodore B. Starr, Inc., of Delaware, issued to this taxpayer and L. M. Starr 972 shares of its capital stock of the par value of $100 each, in consideration of the cancellation by them of an indebtedness of the corporation in the amount of $97,200. This was the equivalent of the purchase of the stock for $97,200 cash, and that amount should be taken into consideration in determining the cost of the stock sold by taxpayer and others in July, 1918.

We find from the evidence that on or about July 1, 1918, taxpayer and others were the owners of 18,762 shares of the capital stock of Theodore B. Starr, Inc., of Delaware, and that the cost of the stock to them was $1,876,200. It was sold on or about July 1, 1918, for $1,774,385.18. They therefore sustained a loss at that time of $101,814.82. A further loss of $9,783.12, growing out of the same transaction, occurred later in the year 1918, making a total loss of $111,597.94 on the sale of the stock involved herein. Taxpayer was the owner of 48.56 per cent of the stock sold, and it follows that in computing his net income for the year 1918 he should be allowed to deduct 48.56 per cent of the total loss sustained.